DECISION AND JUDGMENT ENTRY
{¶ 1} Terry J. Moore appeals from her sentence on a charge of aggravated robbery. Moore argues the record does not support the trial court's finding that more than the minimum prison sentence is appropriate. Since the record supports the trial court's finding that more than the minimum sentence is necessary to protect the public from future crime and to adequately punish Moore, the trial court did not err in sentencing her to more than the minimum sentence.
 {¶ 2} In February 2002, the Washington County Grand Jury indicted Moore on one count of aggravated robbery under R.C. 2911.01(A)(1)[1]
and included a firearm specification. Initially, Moore pled not guilty; however, in April 2002, she changed her plea to guilty. Moore acknowledged that in January 2002, she entered a Washington County grocery store with a gun and robbed it. The clerk estimated that Moore held the gun approximately six inches from her face and ordered her to open the cash register. After she opened the cash register and gave Moore the $250 in it, Moore instructed her to turn around and lie down on the ground. At this point, the clerk stated that she thought Moore was going to shoot her. Nevertheless, Moore left the store with the money and without harming the clerk.
 {¶ 3} During the presentence investigation, Moore stated the gun was not loaded and if the clerk had said, "No, you can't have the money" she would have left without harming her. The trial court accepted Moore's plea and sentenced her to five years for aggravated robbery and the mandatory three years for the firearm specification. At the sentencing hearing, the trial court stated: "This is a first prison term, and not a minimum sentence. The Court has determined that imposing the minimum sentence would not be adequate to protect the public nor to punish the offender. The Court makes its finding based on the following factors: Again, the Court notes that this offender not only was armed with a weapon, but threatened the victim with it on more than one occasion during the course of this robbery. Its impact upon the victim, while it wasn't physical, is certainly emotional and severe. The Court notes that she does have a prior criminal record. She has failed to successfully complete probation in the past, which the Court thinks makes her less likely to successfully complete a period of probation and increases the need to protect — protect the public." However, the trial court's journal entry did not include the statutorily required findings, but it did include reasons in support of the sentence. Following sentencing Moore filed this appeal and assigns the following error: "The record does not support the trial court's decision to impose more than the minimum prison sentence for Ms. Moore's aggravated robbery conviction, in derogation of R.C. 2929.14(B) and in violation of her due process of rights under the Fifth andFourteenth Amendments to the United States Constitution
and Section Sixteen, Article One of the Ohio Constitution."
 {¶ 4} A trial court's sentence may be contrary to law, and thus, appealable as of right, if the record does not support the trial court's findings. R.C. 2953.08(A)(4); State v. Johnson, Washington App. No. 01CA5, 2002-Ohio-2576, at ¶ 20. We may not reverse a trial court's sentence unless we find by clear and convincing evidence that the record does not support the sentence or that it is contrary to law. R.C. 2953.08(G)(2). See, also, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605. Clear and convincing evidence is that degree of proof necessary to produce, in the mind of the trier of facts, a firm belief in their existence. See State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54. If we find that the sentence is contrary to law, we may remand for new sentencing, modify the sentence, or vacate the sentence. R.C. 2953.08(G)(2).
 {¶ 5} Unless the statute mandates a prison term, a sentencing court has some discretion in deciding what sanction is appropriate to satisfy the purposes and principles of sentencing. R.C. 2929.11 and R.C. 2929.12(A). However, first degree felonies carry a presumption in favor of imprisonment. R.C. 2929.13(D). But a sentencing court may choose to impose community control sanctions rather than a prison sentence if it finds, on the record, that a community control sanction would adequately protect the public and punish the offender, and that it would not demean the seriousness of the offender's conduct. See R.C. 2929.13(D)(1) and (D)(2). Nevertheless, if the trial court finds that a prison sentence is necessary, first degree felonies are punishable by a definite term of imprisonment of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1).
 {¶ 6} Once a trial court elects to impose a prison sentence, it must then turn to R.C. 2929.14 to determine the length of the sentence. Under R.C. 2929.14(B), courts presume the shortest authorized prison term is appropriate if the offender has not previously served a prison term. R.C. 2929.14(B). See, also, State v. Edmonson, 86 Ohio St.3d 324, 325,1999-Ohio-110, 715 N.E.2d 131. However, the trial court may impose a longer sentence if it finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B)(2);Edmonson, supra. The trial court is not required to give specific reasons for finding that the minimum prison term is inappropriate. Edmonson,86 Ohio St.3d 324, syllabus. But, it must note on the record that it engaged in the analysis required under R.C. 2929.14(B) and that it varied from the minimum sentence for at least one of the two sanctioned reasons. Id. at 326. Moreover, while we continue to prefer that trial courts include the statutorily required findings, and, when necessary, its reasons in support of its findings in a journal entry, we will continue to look to the sentencing transcripts if the journal entry is silent in this regard. State v. Haugh, Washington App. No. 00CA18, 2001-Ohio-2426.
 {¶ 7} At the sentencing hearing, the court explicitly made the required findings when it stated, "[t]he Court has determined that imposing the minimum sentence would not be adequate to protect the public nor to punish the offender." In addition, even though it was not obligated to, the court gave reasons in support of its findings at the sentencing hearing and in its journal entry. Our review of the record indicates the record supports the trial court's findings. Specifically, the record illustrates Moore's prior criminal convictions and juvenile dispositions, along with Moore's failure to complete an earlier probation. Therefore, Moore's sentence is not contrary to law because the trial court met its statutory obligations and clear and convincing evidence supports the finding that more than the minimum prison sentence is appropriate.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 2911.01(A)(1) states in part:
No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, * * * shall do any of the following:
(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.